IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CORTEZ L. BAREFIELD,

                        Plaintiff,

v.                                                  CIVIL ACTION NO. 2:19-cv-00396

CITY OF PARKERSBURG, et al.,

                        Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) Before this Court are the complaint filed by Plaintiff Cortez L. Barefield ("Plaintiff") (ECF No. 2) and the motions to dismiss that complaint filed by Defendants Michael A. Pifer ("Pifer") (ECF No. 12) and C.S. Waldron ("Waldron") (ECF No. 15). For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Plaintiff's claims against Defendants City of Parkersburg, City of Vienna, and City of Williamstown be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted and that Pifer's and Waldron's motions to dismiss (ECF Nos. 12, 15) be **GRANTED**.

*I.  BACKGROUND*

This action stems from Plaintiff's arrest and conviction—which was later overturned and the underlying criminal case dismissed—for second-offense possession with intent to deliver a controlled substance. (ECF No. 2.) He alleges that on January

12 and 16, 2015, Pifer, a Vienna, West Virginia, police officer, orchestrated two controlled purchases of heroin at a residence in Parkersburg, West Virgnia.  (*Id.* at 2–4.)[1]  He further alleges that based on those controlled purchases, Pifer secured a search warrant for the residence, which was executed on January 21, 2015.  (*Id.* at 4.)  Plaintiff avers that he and three other men were in a bedroom at the home when the search warrant was executed, and he "was handcuffed, patted down, and removed to the front yard," where Pifer searched him and "seized approximately $865 in cash, a pay stub, an Ohio ID card belonging to Plaintiff, a social security card, wallet, and a VISA debit card."  (*Id.* at 5.)  According to Plaintiff, the police also searched the home and found "three separate controlled substances" in the bedroom where Plaintiff and the three other men were present.  (*Id.*)

According to Plaintiff, he "was then detained at North Central Regional Jail on a felony charge of Possession with Intent to Deliver . . . filed by Officer Pifer in Wood County Magistrate Court that same day."  (*Id.*)  Plaintiff alleges that Pifer testified at his preliminary hearing before a magistrate on January 30, 2015, that Plaintiff was located in a bedroom at the residence, "where crack cocaine was found behind a couch incident to execution of the warrant, and that Plaintiff possessed a large sum of cash on his person."  (*Id.*)  Plaintiff avers that this testimony "caused [his] detention at North Central Regional Jail to be unduly extended pending indictment, based upon a preliminary finding of probable cause."  (*Id.* at 6.)  He alleges that his counsel challenged the magistrate's probable-cause finding, but "The petition was never decided."  (*Id.*)

---

[1] Of note, Plaintiff does not allege that he resided at the address or was otherwise involved in the controlled purchases in any manner.  (ECF No. 2 at 2–4.)

Plaintiff avers that he was indicted on May 13, 2015, for three counts of second-offense possession with intent to deliver cocaine, methamphetamine, and oxycodone. (*Id.*) According to Plaintiff, Waldron, a deputy with the Wood County Sheriff's Department, provided testimony to the grand jury about the January 12 and 16, 2015 controlled purchases and the execution of the search warrant. (*Id.* at 7.)

While it is unclear from the complaint when Plaintiff was convicted, he alleges that his conviction was reversed on May 18, 2018, based on "a lack of probable cause to justify both the arrest and search of the Plaintiff on January 21, 2015, and prejudice resulting from the Circuit Court's erroneous admission at trial of the $865" and the other items seized from him that day. (*Id.* at 7–8.) Plaintiff avers that his criminal case was dismissed on August 30, 2018, upon the prosecutor's motion. (*Id.* at 8.)

Plaintiff alleges "Illegal Arrest" and "Illegal Search" claims, in violation of the federal Constitution's Fourth Amendment, pursuant to 42 U.S.C. § 1983. (*Id.*) He also brings claims for "Conspiracy to Interfere" pursuant to 42 U.S.C. § 1985(3) and "Neglect to Prevent Conspiracy" pursuant to 42 U.S.C. § 1986. (*Id.* at 8–9.) He asserts "Illegal Arrest" and "Illegal Search" claims pursuant to Article III, Section 6 of the West Virginia Constitution, as well as West Virginia common law claims for false imprisonment, malicious prosecution, assault/battery, invasion of privacy, negligence, and civil conspiracy. (*Id.* at 9–11.) He seeks a declaration that the defendants' alleged actions were unlawful, an injunction "compelling [them] to register all their surreptitious electronic or mechanical devices used in controlled drug purchases," and "$7,000,000 in compensatory, punitive, exemplary, treble damages." (*Id.* at 11–12.)

Pifer filed his motion to dismiss on December 22, 2020. (ECF No. 12.) Waldron filed hers on January 13, 2021. (ECF No. 15.) Although Plaintiff did not respond to

either motion, Pifer and Waldron each filed replies (ECF Nos. 18, 20). Generally, when a party is given an opportunity to respond to a motion to dismiss but fails to do so, this Court may proceed "to rule on the [opposing party's] motion and dismiss [the] suit on the uncontroverted bases asserted therein." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). However, as there is some evidence that Plaintiff may not have received one or more of this Court's orders (*see* ECF No. 19), in fairness to Plaintiff, the undersigned nonetheless addresses the merits of Pifer's and Waldron's motions to dismiss.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915(e) Screening

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

### B. Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss

In general, a pleading must include "a short and plain statement of the claim

4

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.*

"[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III.   ANALYSIS

*A. Plaintiff's federal claims are time-barred.*

Plaintiff's complaint purports to allege four federal claims: 42 U.S.C. § 1983 claims for "Illegal Arrest" and "Illegal Search," a 42 U.S.C. § 1986 claim for "Neglect to Prevent Conspiracy," and a 42 U.S.C. § 1985(3) claim for "Conspiracy to Interfere." (ECF No. 2 at 8–9.) The applicable statute of limitation for a § 1983 claim is borrowed from the limitations period governing claims for personal injury in the state where the events alleged in the complaint occurred. *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014). The same is true for a § 1985(3) claim. *McCausland v. Mason Cty. Bd. of Educ.*, 649 F.2d 278, 279 (4th Cir. 1981). In West Virginia, the statute of limitation for personal injury actions is two years. W. Va. Code § 55-2-12(b). A § 1986 claim, by contrast, must be brought "with in one year after the cause of action has accrued." 42 U.S.C. § 1986.

"A civil rights claim accrues"—and the limitations period begins to run—"when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Society Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). Although it is unclear from the complaint exactly what conduct Plaintiff intends to support each claim, he alleges that the search of his person and his arrest occurred on January 21, 2015. (ECF No. 2 at 5.) He further

alleges that Pifer testified at his preliminary hearing on January 30, 2015, and that Waldron testified in front of the grand jury on May 13, 2015, the date Plaintiff was indicted. (*Id.* at 6–7.) These allegations demonstrate that Plaintiff became aware of his injury on those dates or very shortly thereafter. Any § 1983 or § 1985(3) claim arising from those allegations should have been brought within two years, and any § 1986 claim should have been brought within one year. But Plaintiff did not file this action until May 20, 2019—more than two years too late.

As such, the undersigned **FINDS** that Plaintiff's federal claims are barred by the applicable statutes of limitation and respectfully **RECOMMENDS** that Pifer's and Waldron's motions to dismiss those claims on that basis (ECF Nos. 12, 15) be **GRANTED** and that any such claims against Parkersburg, Vienna, and Williamstown be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.[2]

   B. *Plaintiff's state-law claims for false imprisonment, assault/battery, invasion of privacy, negligence, and civil conspiracy are time-barred.*

A five-step analysis governs "whether a cause of action is time-barred" under West Virginia law. Syllabus, *Richards v. Walker*, 813 S.E.2d 923 (W. Va. 2018) (quoting Syl. Pt. 5, *Dunn v. Rockwell*, 689 S.E.2d 255 (2009)). First, this Court must "identify the applicable statute of limitations for each cause of action." *Id.* (quoting Syl. Pt. 5, *Dunn*, 689 S.E.2d 255). Claims for false imprisonment and invasion of privacy are subject to the one-year limitations period in West Virginia Code § 55-2-12(c). *Herbert J. Thomas*

---

2 When a case is subject to *in forma pauperis* screening pursuant to 28 U.S.C. § 1915(e), this Court may *sua sponte* consider "the statute of limitations when such a defense plainly appears on the face of" the complaint. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)).

*Mem'l Hosp. Ass'n v. Nutter*, 795 S.E.2d 530, 545 (W. Va. 2016) (quoting *Wilt v. State Auto. Mut. Ins. Co.*, 506 S.E.2d 608, 613–14 (W. Va. 1998) (false imprisonment); *Thompson v. Branches-Domestic Violence Shelter of Huntington, W. Va., Inc.*, 534 S.E.2d 33, 38 (W. Va. 2000) (citing *Slack v. Kanawha Cty. Housing & Redevelopment Auth.*, 423 S.E.2d 547, 551 (W. Va. 1992)) (invasion of privacy). Causes of action for assault and battery and negligence causing personal injury are governed by the two-year limitations period in West Virginia Code § 55-2-12(b). *Trafalgar House Constr., Inc. v. ZMM, Inc.*, 567 S.E.2d 294, 299 (W. Va. 2002) (negligence); Syl. Pt. 2, *Courtney v. Courtney*, 437 S.E.2d 436 (W. Va. 1993) (assault and battery). "The statute of limitation for a civil conspiracy claim is determined by the nature of the underlying conduct on which the claim for conspiracy is based," Syl. Pt. 10, *Dunn*, 689 S.E.2d 255, so it would be subject to the same one- or two-year limitations period as the other causes of action Plaintiff alleges.

Next, this Court must "identify when the requisite elements of [each] cause of action occurred." Syllabus, *Richards*, 813 S.E.2d 923 (quoting Syl. Pt. 5, *Dunn*, 689 S.E.2d 255). As with Plaintiff's federal claims, it is unclear from the complaint exactly what alleged conduct serves as the basis for each of his state-law claims. But Pifer's alleged actions occurred on January 12, 13, 16, 21, and 30, 2015, and Waldron's alleged conduct occurred on May 13, 2015. (ECF No. 2 at 2–7.)

Third, this Court must determine when each cause of action accrued. Syllabus, *Richards*, 813 S.E.2d 923 (quoting Syl. Pt. 5, *Dunn*, 689 S.E.2d 255). In West Virginia, "the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that [he] has been injured, (2) the identity of the entity who owed [him] a duty to act with due care, and who may have engaged in conduct

8

that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syl. Pt. 4, *Coffield v. Robinson*, 857 S.E.2d 395 (W. Va. 2021) (quoting Syl. Pt. 4, *Gaither v. City Hosp., Inc.*, 487 S.E.2d 901 (W. Va. 1997)). This "is an objective test" that charges the plaintiff "with knowledge of the factual, rather than the legal, basis for the action." *Id.* at Syl. Pt. 5 (quoting Syl. Pt. 4, *Dunn*, 689 S.E.2d 255). Again, although it is not clear what actions support each claim, Plaintiff was surely aware of the factual bases underlying his false imprisonment, assault/battery, and invasion of privacy claims at the time of his arrest on January 21, 2015. And the final alleged conduct by any of the defendants occurred on May 13, 2015, when Waldron testified in front of the grand jury, and Plaintiff was indicted later that day. As such, Plaintiff's false imprisonment, assault/battery, invasion of privacy, negligence, and civil conspiracy claims accrued on those dates or very shortly thereafter.

This Court must next "determine whether the defendant[s] fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the potential cause[s] of action." Syllabus, *Richards*, 813 S.E.2d 923 (quoting Syl. Pt. 5, *Dunn*, 689 S.E.2d 255). It does not appear, and Plaintiff has not asserted, that the defendants have done so.

Finally, this Court must evaluate whether the statute of limitation has been tolled by some other tolling principle. *Id.* (quoting Syl. Pt. 5, *Dunn*, 689 S.E.2d 255). Again, it does not appear, and Plaintiff has not asserted, that the limitations period should be tolled for any reason.

Taken together, this analysis demonstrates that Plaintiff's claims for false imprisonment, assault/battery, invasion of privacy, negligence, and civil conspiracy should have been filed within one or two years of January or May 2015. But Plaintiff did not file this action until May 20, 2019, well after the limitations period expired.

Accordingly, the undersigned **FINDS** that these claims are barred by the applicable statutes of limitation and respectfully **RECOMMENDS** that Pifer's and Waldron's motions to dismiss the claims on that basis (ECF Nos. 12, 15) be **GRANTED** and that any such claims against Parkersburg, Vienna, and Williamstown be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

### C. *There is no private right of action under Article III, Section 6 of the West Virginia Constitution.*

Similar to his § 1983 claims, Plaintiff purports to bring "Illegal Arrest" and "Illegal Search" claims pursuant to Article III, Section 6 of the West Virginia Constitution. (ECF No. 2 at 9.) But West Virginia law does not recognize such claims. Syl. Pt. 3, *Fields v. Mellinger*, 851 S.E.2d 789 (W. Va. 2020). Therefore, the undersigned respectfully **RECOMMENDS** that Pifer's and Waldron's motions to dismiss those claims (ECF Nos. 12, 15) be **GRANTED** and that any such claims against Parkersburg, Vienna, and Williamstown be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

### D. *Plaintiff's state-law malicious-prosecution claims fail.*

To state a claim for malicious prosecution under West Virginia law, Plaintiff's complaint must plead facts showing "(1) that the prosecution was set on foot and conducted to its termination, resulting in [P]laintiff's discharge; (2) that it was caused or procured by [the] defendant[s]; (3) that it was without probable cause; and (4) that it was malicious." Syl. Pt. 2, *Norfolk S. Ry. Co. v. Higginbotham*, 721 S.E.2d 541 (W. Va. 2011) (quoting Syl. Pt. 3, *Truman v. Fid. & Cas. Co. of N.Y.*, 123 S.E.2d 59 (1961)). But the complaint lacks factual detail to demonstrate that any of the defendants exercised the requisite control over Plaintiff's prosecution.

10

To establish the "procurement" element of a malicious-prosecution claim, the plaintiff must show "that the defendants consulted with and advised each other regarding the prosecution, that the defendants participated in the prosecution, and that the prosecution was carried out under the defendants' countenance and approval." *Norfolk S. Ry. Co.*, 721 S.E.2d at 541 (citing *Vinal v. Core*, 18 W. Va. 1, 2 (1881)). These allegations are simply not present in Plaintiff's complaint. While Plaintiff conclusorily alleges that Pifer "is responsible for the case's investigation and institution, as the complaining witness," there are no facts about his continued involvement in the case after he testified at Plaintiff's preliminary hearing on January 30, 2015. (ECF No. 2 at 5, 7.) The same is true for Waldron, who is only alleged to have provided grand jury testimony to support Plaintiff's indictment on May 13, 2015. (*Id.* at 7.) The complaint alleges no facts to demonstrate that Pifer and Waldron—or any other defendant—worked together to secure Plaintiff's prosecution, participated in it after he was indicted, or directed any of the proceedings. "[P]rocurement, within the context of a malicious prosecution action, 'requires more than just the submission of a case to a prosecutor; it requires that a defendant assert control over the pursuit of the prosecution.'" *Goodwin v. City of Shepherdstown*, 825 S.E.2d 363, 370 (W. Va. 2019) (quoting *Norfolk S. Ry. Co.*, 721 S.E.2d at 547). Those facts are not present in this case.

Because Plaintiff cannot establish one or more of the elements of his malicious-prosecution claims, the undersigned **FINDS** that those claims fail and respectfully **RECOMMENDS** that Pifer's and Waldron's motions to dismiss the claims on that basis (ECF Nos. 12, 15) be **GRANTED** and that any such claims against Parkersburg, Vienna, and Williamstown be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

## IV.   RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that Plaintiff's claims against Defendants City of Parkersburg, City of Vienna, and City of Williamstown be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted and that Pifer's and Waldron's motions to dismiss (ECF Nos. 12, 15) be **GRANTED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Copenhaver.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.   28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER: June 17, 2021

_____
Dwane L. Tinsley
United States Magistrate Judge