```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**CORTEZ L. BAREFIELD,**

      Plaintiff,

v.                                          Case No. 2:19-cv-00396

**CITY OF PARKERSBURG,**
**CITY OF VIENNA,**
**CITY OF WILLIAMSTOWN,**
**MICHAEL A. PIFER, and**
**C.S. WALDRON,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

The court having received the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Dwane L. Tinsley, entered on June 17, 2021 (ECF No. 21); and the Magistrate Judge having recommended that the court (1) grant the motions by the individual defendants to dismiss the plaintiff's complaint, filed on December 22, 2020, and January 13, 2021 (ECF Nos. 12 and 15) and (2) dismiss the claims against the city defendants under 28 U.S.C. § 1915(e)(2)(B)(ii)[1]; and no objection

---

[1] Specifically, the PF&R recommends – pursuant to the motions to dismiss with respect to Mr. Pifer and Mr. Waldron and pursuant to § 1915(e)(2)(B)(ii) with respect to the city defendants – that the plaintiff's federal claims under 42 U.S.C. §§ 1983, 1985(2), and 1986 and his state-law claims for false imprisonment, assault, battery, invasion of privacy, negligence, and civil conspiracy be dismissed as time-barred and that his claim under Article III, Section 6 of the West Virginia

having been filed to the PF&R, it is ORDERED that the findings made in the PF&R of the Magistrate Judge (ECF No. 21) be, and they hereby are, adopted by the court and incorporated herein.[2]

It is, accordingly, ORDERED that:

1. the individual defendants' motions to dismiss (ECF Nos. 12 and 15) be, and hereby they are, granted;

2. the claims against the defendants be, and hereby they

---

Constitution as well as his state-law malicious-prosecution claim be dismissed for failure to state a claim for which relief could be granted.

[2] In separate orders entered on December 23, 2020, and January 14, 2021, the Magistrate Judge directed the plaintiff to respond to the motions to dismiss by specified deadlines and notified the plaintiff that his failure to do so might constitute abandonment of his claims and result in their dismissal for failure to prosecute. See ECF No. 14; ECF No. 17. The plaintiff did not respond to the motions by the deadlines as directed. One of the Magistrate Judge's orders sent to the plaintiff at the last address he provided the court was returned as undeliverable and unable to be forwarded. See ECF No. 19. In the PF&R, the Magistrate Judge noted the plaintiff's failure to respond to the motions but decided to address the claims' merits based on indications that the plaintiff might not have received the orders directing him to respond. See EFC No. 21 at 4. As with the previous order, the copy of the PF&R sent to the plaintiff was returned as undeliverable and unable to be forwarded. See ECF No. 22. Although the court adopts the PF&R, which is not decided based on the plaintiff's failure to prosecute, the court notes that the plaintiff does not appear to have participated in this litigation since the complaint was filed in May of 2019. The court further notes that the Magistrate Judge advised the plaintiff of his duty to promptly notify the Clerk of any changes in his contact information. See ECF No. 4; see also LR Civ P 83.5 ("A pro se party must advise the clerk promptly of any changes in name, address, and telephone number.").

        **are, dismissed; and**

3. **this civil action be, and hereby it is, dismissed and removed from the court's docket.**

**The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record, any unrepresented party, and the United States Magistrate Judge.**

        **ENTER: July 20, 2021**

_____
John T. Copenhaver, Jr.
Senior United States District Judge